638

(707 P.2d 1)
No. 57,554

CITY OF WICHITA, *Appellee*, v. DAN R. OHLERKING, *Appellant*.

Opinion filed October 17, 1985.

*S. A. (Tim) Scimeca*, of Wichita, for the appellant.

*Howard L. Jenkins, Jr.*, of Wichita, for the appellee.

Before REES, P.J., BRISCOE, J., and WILLIAM D. CLEMENT, District Judge, assigned.

BRISCOE, J.: Defendant, Dan R. Ohlerking, appeals the district court's dismissal of his appeal from a municipal court conviction for driving while under the influence (DUI).

Defendant was arrested for DUI in violation of Wichita City Ordinance 11.38.150(a). As this was defendant's first DUI arrest, he was allowed to enter into a diversion agreement. Under the terms of the agreement, prosecution would be reinstated in the event of a subsequent DUI violation. After defendant's two subsequent arrests for DUI, his diversion was terminated and prosecution reinstated. He was first convicted in the diversion case and then in the two subsequent cases. All three convictions were appealed to Sedgwick County District Court. The district court dismissed the appeal of the diversion case for lack of jurisdiction, holding that "[b]y entering into a Pre-Trial Diversion Agreement, a person gives up all of his rights to a further trial other than a trial on stipulation of facts in Municipal Court." Ohlerking appeals the district court's dismissal of his appeal.

While it is true defendant waived certain rights by entering into a diversion agreement, his right to appeal a municipal court conviction was not foreclosed either by the terms of this specific agreement, or the statute governing diversion agreements. In fact, the statute regulating the use of diversion agreements in

alcohol-related offenses provides the method for appealing a conviction from a municipal court to the district court.

"(b) If a diversion agreement is entered into in lieu of further criminal proceedings on a complaint alleging an alcohol related offense, the diversion agreement shall include a stipulation, agreed to by the defendant and the city attorney, of the facts upon which the charge is based and a provision that if the defendant fails to fulfill the terms of the specific diversion agreement and the criminal proceedings on the complaint are resumed, the proceedings, including any proceedings on appeal, shall be conducted on the record of the stipulation of facts relating to the complaint." K.S.A. 12-4416.

The trial court erred in dismissing this case for lack of jurisdiction. ·

Reversed and remanded to the district court for further proceedings. Given our decision on defendant's first issue, the two remaining issues which challenge the constitutionality of the sentencing ordinance are not ripe for decision in this case. These issues were addressed on this date in the unpublished consolidated cases No. 57,555 and No. 57,556.